NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON LEE HARRIS, | No. 19-16273 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02860-JAT-CDB |
| v. | |
| MONTOYA, Correction Officer, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| CHARLES L. RYAN, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Arizona state prisoner Jason Lee Harris appeals pro se from the district

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Harris failed to exhaust administrative remedies, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (setting forth circumstances when administrative remedies are effectively unavailable).

The district court did not abuse its discretion by ordering a stay of discovery on the merits of the case until the issue of whether Harris had exhausted his administrative remedies was decided. *See Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc) (a district court may in its discretion limit discovery until the issue of administrative exhaustion is decided).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-16273